UNITED STATES COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

LABOSS TRANSPORTATION SERVICES, INC.
a Florida Corporation

    Plaintiff,

v.

GLOBAL LIBERTY INSURANCE COMPANY     Case No.: 14 CV 62517 DPG
OF NEW YORK, a New York Corporation

    Defendant

_____/

## DEFENDANT'S MOTION TO DISMISS

Defendant GLOBAL LIBERTY INSURANCE, pursuant to Rule 12(b)(1) and (6), Fed. R. Civ. P., moves to dismiss the complaint and states:

1. Plaintiff's action is for declaratory relief under 28 U.S.C. §2201. Laboss, an insured under Global's Business Auto Policy, alleges that it is a provider of transportation services for the handicapped, and that, "On March 17, 2014, Laboss was transporting Mr. William Wilson, a wheelchair bound handicapped individual to and from his home in Hollywood....During the return trip from Tamarac, Florida back to Mr. Wilson's home in Hollywood, the driver came to a stop at a traffic signal....when the driver departed the intersection, the driver heard a loud noise and noticed that Mr. Wilson had fallen from his wheelchair." ¶8-11.

2. However, the complaint does not allege that Wilson has filed suit against Laboss, or even made a demand.  (A review of the court files of this Court, as well as Broward County fail to show any such suit being filed).  ¶12 of the Complaint states that Wilson "alleges" that he was injured, but doesn't say what the source of that "allegation" is, i.e, it does not say Wilson made a demand, or claimed any occurrence of an automobile accident or any negligence on the part of

Laboss. Even if Wilson had made a claim, it does not say if it is a claim for PIP, Medical Payments coverage or Liability, much less the grounds for such liability.

3.  Although the suit alleges that Global "denied" a "claim," and refused to indemnify Laboss (¶14-16) that allegation is contradicted by the Exhibit B, upon which it relies.  Exhibit B[1] to the Complaint is an email from Global's Casualty Manager to Lucy Singer, dated Oct. 29, 2014. It provides:

> Thank you for taking the time to speak wit me today. I am attaching a copy of the Declarations Sheet/Endorsements. Please refer to page 21 of the package where you will see that the "Bodily Injury" resulting from the providing of the failure to provide any medical or professional services isn't covered. Please feel free to contact me at the number below if you wish to discuss further. Thank you.

The complaint, ¶15, states: "By virtue of the foregoing denial, Global Liberty has refused to defend Laboss for the claims and demands by Mr. William Wilson." This email is neither a denial of a claim nor a refusal to defend. Rather - it advises, accurately, that professional services are excluded from coverage.  (Curiously, Laboss has such coverage with another carrier - Scottsdale Insurance, but has apparently not included Scottsdale in this action for declaratory relief).

4.  The complaint does not demonstrate that there has been any demand to defend against nor any claim by Wilson for "Bodily Injury" arising from an "accident" and one that is not the result of an excluded cause - but then without a complaint being filed by Wilson, nor any claim and/or demand made, the Court should decline to exercise its discretionary jurisdiction of this declaratory judgment action.  There is no actual case or controversy at this time, and this action is premature.

---

[1] The complaint, ¶14, references an Exhibit B. Although no exhibit is marked as "B" the undersigned confirmed with Plaintiff's counsel that the last page of the exhibits, the email discussed *infra*, is Exhibit B.

5.      Additionally, there are insufficient allegations in the complaint that this Court has diversity jurisdiction, as the claim may be for less than the $75,000 minimum jurisdictional amount. There is no allegation that Wilson demanded at least that amount. There is no allegation of what Wilson's medical expenses are, nor that he is claiming to have sustained a permanent injury - a prerequisite to entitlement to compensation for pain and suffering under Florida Law.[2]

## Memorandum of Law

**A. Motion to Dismiss Standard**

Until the Supreme Court decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

However, pursuant to *Twombly*, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." 550 U.S. at 555. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

---

[2] Although the complain states that "Mr. Wilson was required to undergo surgery" it is not clear if that surgery actually occurred, nor what type of surgery was either recommended or performed. (It is not uncommon for PI lawyers to make demand letters to infer the "possibility" of future surgery without any medical support for such an inference, but again, without a demand letter nor a claim, it is difficult to guess what Wilson is actually alleging).

Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). In *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth.

**B.  Declaratory Judgment Act, 28 U.S.C. § 2201**

At present, Laboss has not been sued, and has not received a demand letter - at least none is alleged.  Moreover, there has been no outright denial of a claim as no claim has been presented yet.  Accordingly, there is no actual controversy, and this action is premature.  Plaintiff is merely soliciting this Court for an advisory opinion.

The Declaratory Judgment Act provides: "In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The phrase "case of actual controversy" in the Declaratory Judgment Act "refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III."[7] *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127.

In *MedImmune*, the Supreme Court reaffirmed the basic principle for determining whether a declaratory judgment claim satisfies the "case of actual controversy" requirement: "'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" 549 U.S. at 127 (quoting *Maryland Cas. Co. v. Pacific Coal & Oil Co.*,

312 U.S. 270, 273 (1941)). The *MedImmune* Court emphasized that the dispute must be "'definite and concrete, touching the legal relations of parties having adverse legal interests'; and that it [must] be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" Id. at 127(quoting *Aetna Life Ins. Co, v. Haworth*, 300 U.S. 227, 240-41(1937)).

As stated by the 11th Circuit, "In all cases arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 . . . the threshold question is whether a justiciable controversy exists." *Atlanta Gas Light Co. v. Aetna Cas. and Sur. Co.,* 68 F.3d 409, 414 (11th Cir. 1995). "The party who invokes a federal court's authority must show, at an 'irreducible minimum,' that at the time the complaint was filed, he has suffered some actual or threatened injury resulting from the defendant's conduct, that the injury fairly can be traced to the challenged action, and that the injury is likely to be redressed by favorable court disposition." *Id.*

In *Atlanta Gas,* the Eleventh Circuit concluded that there was no case or controversy between the parties at the time the complaint was filed and, therefore, ordered dismissal of the action. 68 F.3d at 415-16. The plaintiff in *Atlanta Gas* commenced the action the day after notices were mailed to its insurers, and before the insurers even received the notice, seeking a declaratory judgment to determine the extent of its insurance coverage should cleanup costs be incurred or third party property damage actions arise. *Id.* at 412. At the time of filing suit the plaintiff had incurred no cleanup costs, no environmental agency had ordered a cleanup, and no third parties had filed claims for recovery of any cleanup costs. *Id.* Although the district court had not considered the issue of whether a justiciable controversy existed, the Eleventh Circuit reiterated that in "all cases arising

5

under the Declaratory Judgment Act, 28 U.S.C. § 2201 (1988), the threshold question is whether a justiciable controversy exists." *Id.* at 414.

In considering whether an actual case or controversy existed at the time of filing the complaint, the Eleventh Circuit emphasized that the "insurers not only had no chance to respond to [the plaintiff's] notice before the complaint was filed, they had no knowledge that notice had been given. It is therefore difficult to understand how [the plaintiff] could assert that the insurance companies had failed to defend or indemnify it for cleanup . . . when the insurers had taken no position at that time with regard to their duties under [the plaintiff's] policies." *Id.* at 415. The Eleventh Circuit concluded that the issues it presented were no more than conjectural questions based on the fact that other utilities had battled with insurers over cleanup costs. *Id.*

Here, without a complaint or even a demand, there is nothing to defend Laboss against. Except where there is no duty to indemnify for want of a duty to defend, "an insurer's duty to indemnify is dependent on the outcome of a case, [and] any declaration as to the duty to indemnify is premature unless there has been a resolution of the underlying claim." *Northland Cas. Co. v. HBE Corp.,* 160 F.Supp.2d 1348, 1360 (M.D.Fla.2001).

Furthermore, if the party's concern is the threat of future injury, "[t]here must be a substantial likelihood that the plaintiff will suffer [such] future injury: a 'perhaps' or 'maybe' chance is not enough." *Malowney v. Fed. Collection Dep. Group,* 193 F.3d 1342, 1347 (11th Cir. 1999). "The remote possibility that a future injury may happen is not sufficient to satisfy the 'actual controversy' requirement for declaratory judgments." *Malowney,* 193 F.3d at 1347. Indeed, even a "well-founded" concern is insufficient to create a justiciable controversy if it is based on speculation. *Atlanta Gas Light, supra,* 68 F.3d at 415.

6

In *GAF Bldg. Materials Corp. v. Robert Bosch Tools Corp.*, 90 F.3d 479, 481 (Fed. Cir. 1996), the Federal Circuit affirmed the dismissal of a dec action in a patent case, noting that "the dispute was purely hypothetical and called for an impermissible advisory opinion." *See also*, *Black & Decker, Inc. v. Robert Bosch Tool Corp.*, 371 F. Supp. 2d 965, 970 (N.D. Ill. 2005) (dismissing a counterclaim seeking declaratory judgment that a pending patent application was unenforceable due to inequitable conduct; holding that a ruling on the enforceability of a pending application would be premature, merely advisory, and academic); *Axis Surplus Ins. Co. v. Contravest Constr. Co*, 921 F.Supp.2d 1338 (M.D. Fla. 2012)(dismissing dec action as premature).

In *Axis Surplus*, a declaratory judgment action was brought by Axis seeking a declaration that it had no duty to defend or indemnify its insured, Contravest, in an underlying construction defec t suit brought by a condominium association.  Contravest filed a counterclaim against Axis and a third-party claim against Amerisure and Great American seeking a declaration regarding their obligations. Amerisure and Great American moved to dismiss the insured's third-party claim for declaratory relief.  Amerisure contended that it had not yet denied coverage to the insureds so there was no actual case or controversy.  Great American noted  that as an excess carrier, its obligations were contingent and had not yet arisen.

The Middle District granted their motions finding that the insureds had not presented a justiciable issue as to those parties, citing *Atlanta Gas Light*.

The same rationale should apply herein, even more so as there is no underlying lawsuit, nor demand alleged, and therefore this action should be dismissed.

C. **Plaintiff  Fails to Plead Sufficient Facts to Establish  Jurisdictional Diversity Limit**

LaBoss has not plead sufficient  facts that would support that Wilson's potential claim could expose it to damages in excess of $75,000.  Not all  personal injury case involves damages that large.

7

Wilson may not even have sustained a permanent injury, required by Florida's no fault law as a prerequisite to sue for pain and suffering. His medical expenses, if any, may be subject to a PIP set-off. And, of course, Wilson may not even choose to pursue a claim against LaBoss.

Federal courts enjoy only limited jurisdiction. *Bochese v. Town of Ponce Inlet,* 405 F.3d 964, 974 (11th Cir. 2005), *cert. denied*, 546 U.S. 872 (2005). A federal court can exercise subject matter jurisdiction over a case only where (1) complete diversity exists between the parties and the amount in controversy exceeds $75,000 or (2) the case raises an issue of federal law. *See* 28 U.S.C. §§ 1331, 1332. In addition, federal courts must presume that they lack jurisdiction over a particular case until it has been demonstrated that jurisdiction over the subject matter exists. *Fitzgerald v. Seaboard Sys. R.R., Inc.,* 760 F.2d 1249 (11th Cir. 1985). Generally, the plaintiff bears the burden of establishing subject matter jurisdiction. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.,* 441 F.3d 1242, 1248 n.2 (11th Cir. 2005).

Where jurisdiction is based on a claim for "indeterminate damages," however, such as here, where Plaintiff requests a declaratory judgment, the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it bases jurisdiction meets the jurisdictional minimum. *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996)); *see also Federated Mut. Ins. Co.*, 329 F.3d at 807; *SUA Ins. Co. v. Class Home Builders, LLC*, 751 F. Supp. 2d 1245, 1248 (S.D. Ala. 2010) ("[The] preponderance-of-the-evidence standard applies to declaratory judgment actions brought in federal court by an insurer.").

When a plaintiff seeks declaratory relief, the amount in controversy is the "monetary value of the object of the litigation from the plaintiff's perspective." *Federated Mut. Ins. Co.,* 329 F.3d at 807 (quoting *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000) (internal quotation

marks omitted). In declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, "the jurisdictional amount in controversy is measured by the value of the underlying claim." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) (internal quotation marks omitted); *see also, Martins v. Empire Indem. Ins. Co.*, No. 08-60004-CIV, 2008 WL 783762, at *2 (S.D. Fla. March 21, 2008).

If diversity jurisdiction is based on claim for indeterminate damages, general "legal certainty" test does not control; instead, party seeking to invoke federal jurisdiction bears burden of proving by preponderance of evidence that claim on which it is basing jurisdiction meets jurisdictional minimum. *State Farm Mut. Auto Ins. Co. v. Greater Chiropractic Center Corp.*, 393 F. Supp. 2d 1317 (M.D. Fla. 2005).

Thus, in this case, the amount in controversy would be based upon the damages claimed in the state-court lawsuit - *if one had been filed*. Here, however, there is no underlying lawsuit. No claim for damages is alleged, much less one is within this Court's jurisdiction. Conclusory allegations of subject-matter jurisdiction are insufficient[3]. Here, Mr. Wilson has not made a demand (at least none is alleged) against LaBoss, much less filed a lawsuit. There is no reason to believe that the amount in controversy of his potential claim is in excess of $75,000 should he make a claim. For those reasons, this action should be dismissed.

---

[3] In removal cases, when a plaintiff files suit in state court and there is no specific demand for damages, the court must independently appraise the plaintiff's claims and take the measure of the amount in controversy "by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993) (citations omitted). "Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

WHEREFORE Defendant moves to dismiss the complaint.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **December 5, 2014**, I filed the foregoing document with the Clerk of Court using the CM/ECF system and that a copy was electronically served upon, **Sergio R. Casiano, Esq.**, Miller, Kagan, Rodriguez & Silver, P.L., 201 Alhambra Circle, Suite 802, Coral Gables, FL 33134, in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**THE PIVNIK LAW FIRM**
7700 N. Kendall Drive, Ste. #703
Miami, FL  33156
Ph.   (305) 670-0095
pivniklaw@aol.com
Cdiezpivniklaw@aol.com

**By: s/ Jerome A. Pivnik, Esq**.
Jerome A. Pivnik, Esq.
Fla. Bar No.: 400408