UNITED STATES COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

LABOSS TRANSPORTATION SERVICES, INC.
a Florida Corporation

  Plaintiff,

v.

GLOBAL LIBERTY INSURANCE COMPANY   Case No.: 14 CV 62517 DPG
OF NEW YORK, a New York Corporation

  Defendant

_____/

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

  Defendant GLOBAL LIBERTY INSURANCE submits this reply in support of its motion to dismiss the complaint and states:

  In its Response to the Motion to Dismiss, Laboss attempts to go beyond the four corners of the complaint, by attaching the affidavit of the Claimant's counsel.

  While the U.S. Supreme Court, in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544; 127 S.Ct. 1955; 167 L. Ed. 2d 929 (2007), heightened the pleading requirement to include more specific facts which support statutory elements, the standard generally remains unchanged.  To survive a motion to dismiss, the four corners of the complaint must contain factual allegations which are "enough to raise a right to relief above speculative level." *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007)*(emphasis added).

  A motion to dismiss for lack of standing is one attacking the Court's subject matter jurisdiction, therefore it is appropriately brought under Fed. R. Civ. P. 12(b)(1). *See Doe v. Pryor*, 344 F. 3d 1282, 1284 (11th Cir. 2003). The plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

A Rule 12(b)(1) motion can be made in the way of a "facial attack" on the complaint" which "requires the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (citations omitted).

In the alternative, a defendant may raise a "factual attack" which challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings." *Id*. at 1529. Because a factual Rule 12(b)(1) motion challenges the court's power to hear the claim, the court must closely examine the plaintiff's factual allegations and "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id*. The court is not limited to the four corners of the complaint, and it may consider materials outside of the pleadings to determine whether or not it has jurisdiction. "In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating itself the merits of jurisdictional claims." *Id*.

Here, Defendant has made a "facial attack" not a factual one on the amount in controversy. This court's analysis is limited to the four corners of the plaintiff's complaint. *See, e.g.*, *Grossman v. NationsBank*, 225 F.3d 1229, 1231 (11th Cir. 2000); *St. George v. Pinellas County,* 285 F.3d 1334, 1337 (11th Cir. 2002). Factual matters that are outside the four corners of the complaint, as a general rule, cannot be considered. See *Grossman,* 255 F.3d at 1231.

Although a court may consider matters outside the pleadings under Rule 12(d), Fed.R.Civ.P., under certain circumstances, those circumstances are not present here. First, a defendant's motion to dismiss may rely upon facts outside of the complaint, but the plaintiff's response to a motion to dismiss may not do so. Second, the court in examining the motion to dismiss must determine to treat

the motion as seeking summary judgment if it considers facts outside the complaint and, if it does, give all parties a reasonable opportunity to present more factual material outside of the complaint. *Id.* Obviously, rule 12(d) does not authorize the procedure that the plaintiff is attempting to use here.

Looking beyond the amount in controversy, even if the court were to consider the affidavit of Claimant's counsel, which might demonstrate that the amount in controversy met the minimal jurisdictional amount, - it fails to establish that there is a valid claim for declaratory relief. The affidavit essentially provides:

1. Wilson "was injured when his wheelchair fell over in transit" (¶1, Lusskin Affidavit). That also would not be sufficient to demonstrate that there is a covered claim.

2. Wilson made a claim and inquiry upon Global - but fails to state when the inquiry was made, whether a claim was made in writing, whether it made a demand for a specific amount or contained any facts that would apprise the reader that the claim was for an amount in excess of $75,000.  ¶3, id.

Significantly, no written claim is attached, and in the next paragraph, it appears that Wilson's counsel only claim directly to Laboss was a verbal conversation suggesting he'd ask for policy limits. In his affidavit, he does not say what he would claim was the negligence of Laboss, or that any covered claim or accident occurred.

In contrast, Laboss alleges that "On March 17, 2014, Laboss was transporting Mr. William Wilson, a wheelchair bound handicapped individual to and from his home in Hollywood....During the return trip from Tamarac....the driver came to a stop at a traffic signal....when the driver departed the intersection, the driver heard a loud noise and noticed that Mr. Wilson had fallen from his wheelchair."  ¶8-11.

As stated in Defendant's motion, Laboss is improperly seeking an advisory opinion as to whether or not there is coverage should Wilson bring a suit against it.  At this point, it is premature

3

to request such relief - neither the complaint, nor the affidavit of claimant's counsel demonstrate what type of claim Wilson might make - i.e, what he claims was a negligent act. He might be able to plead a cause of action that falls within Global's policy or under Scottsdale's policy or under both. Or based on the facts, there might not be any covered claim.

In its response, Laboss fails to address *Atlanta Gas Light Co. v. Aetna Cas. and Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995)(decided in October), cited in Defendant's motion. Instead, Plaintiff largely relies on an unpublished opinion that, in turn, cites to, *GTE Directories Publishing Corp., v. Trimen America, Inc.*, 67 F.3d 1563 (11th Cir. 1995)(decided in November). The 11th Circuit noted in *GTE* that:

> The difference between an abstract question and a "controversy" contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941) (citation omitted). We now apply these rather nebulous standards to the facts of this case.

*Id, at 1568-9.* However, GTE was clearly distinguishable from *Atlanta Gas* or this action, as in GTE there was a real controversy that involved a history of prior litigation between the parties. As the Court noted:

> At the time the Complaint was filed, GTEDPC claimed to have an absolute right under Florida law to contact Trimen's customers as long as it acted in a lawful manner. Trimen had made it very clear to GTEDPC that Trimen interpreted Ad-Vantage I to hold that any such contact would constitute tortious interference with Trimen's business relations. Trimen had also made it very clear that if GTEDPC contacted Trimen's clients it would not hesitate to sue GTEDPC for tortious interference. On top of this, Trimen repeatedly reminded GTEDPC of the $500,000.00 punitive damages award imposed against GTEDPC in Ad-Vantage I for tortiously interfering with Ad-Vantage's customers. These positions were crystallized in early December when Trimen,...wrote to GTEDPC claiming GTEDPC was "in the process of contacting accounts you were advised not to contact." ... GTEDPC denied

4

> contacting any of Trimen's national accounts.... Blumberg wrote back to GTEDPC again claiming GTEDPC was contacting Trimen's clients... Blumberg's letter concluded by stating "I would expect that after numerous warnings, your company will abide by our request NOT TO CONTACT OUR CLIENTS!?" Id. Thus, at the time the Complaint was filed, GTEDPC wished to engage in the specific conduct of contacting Trimen's customers, and Trimen claimed any such contact would result in a lawsuit against GTEDPC. We believe these circumstances presented a justiciable controversy between GTEDPC and Trimen.

*Id.* It is not the case here that any specific claim has been made by the allegations of the complaint other than that Wilson was injured. The facts in the case *sub judice* are more akin to the 11th Circuit's earlier decision, *Hendrix v. Poonai*, 662 F.2d 719 (11th Cir.1981). cited in *GTE,* 67 F.3d supra at 1569-70..

In *Hendrix*, a hospital revoked the hospital privileges of Dr. Anila Poonai. Dr. P.V. Poonai, Dr. Anila Poonai's husband, subsequently voluntarily resigned from the hospital staff. The Drs. Poonai filed suit against the hospital alleging antitrust and civil rights violations. About a year later, Dr. P.V. Poonai applied for readmission to the hospital staff. In response, the hospital sought to add a counterclaim to the Drs. Poonais' lawsuit asking for a declaration that if Dr. P.V. Poonai's application was denied pursuant to the bylaws of the hospital, that refusal would not violate federal antitrust laws. The district court denied the hospital's request to add the counterclaim. The hospital then filed a separate suit seeking the same declaration. The district court dismissed the hospital's suit for lack of a case or controversy. The 11th Circuit affirmed the dismissal finding:

> [i]n essence, the appellants are seeking a declaration that if they deny appellee's readmission application, and if the appellee subsequently brings an antitrust action based on that denial, then the appellants will be protected from liability by virtue of the Parker v. Brown and Noerr-Pennington doctrines. We believe that a declaration to this effect would constitute an impermissible "opinion advising what the law would be upon a hypothetical state of facts."Id. at 722 (quoting Aetna Life Ins. Co., 300 U.S. at 241, 57 S.Ct. at 464).

*Id.*   That same rational applies herein, as in *Hendrix*.  At least at this time, there is no sufficient controversy as to either a claim or a denial of a claim, that is anything other than a request for an advisory opinion.

Plaintiff also cites, in a footnote, *Tower Insurance Comp. Of NY v. Rainbow Granite Marble, Inc.*,  2010 WL 1740700 (S. D. Fla. 2010) but a review of that opinion also shows the difference between those cases.  In *Rainbow*, the Court granted the insurer's summary judgment motion that it had not duty to defend - as the sole dispositive issue was whether or not the injured person was an employee of the insured, in which case it was not disputed that there was no duty to defend.

Plaintiff's complaint fails to state a cause of action for declaratory relief by showing any justiciable controversy, nor that the amount in controversy is within this Court's jurisdiction.  Plaintiff cannot correct such deficiencies by filing the affidavit of claimant's attorney.

WHEREFORE Defendant moves to dismiss the complaint.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on  **December 16, 2014**,  I filed the foregoing document with the Clerk of Court using the CM/ECF system and that a copy was electronically served upon, **Sergio R. Casiano, Esq.**, Miller, Kagan, Rodriguez & Silver, P.L., 201 Alhambra Circle, Suite 802, Coral Gables, FL 33134,  in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**THE PIVNIK LAW FIRM**
7700 N. Kendall Drive, Ste. #703
Miami, FL  33156
Ph.   (305) 670-0095
pivniklaw@aol.com
Cdiezpivniklaw@aol.com

**By: s/ Jerome A. Pivnik, Esq**.
      Jerome A. Pivnik, Esq.
      Fla. Bar No.: 400408

laboss/dismiss-response